THOMAS E. COLLINS and Another, Respondents, v. HARLEM VALLEY ELECTRIC CORPORATION, Appellant.

The findings and judgment are modified in the following respects and as modified the judgment is affirmed, with costs to the respondents.

FINDINGS OF FACT.

The findings of fact as proposed by the plaintiffs and made by the trial court are modified as follows:

The court makes a finding in lieu of 5th finding of fact, as follows:

5. On July 25, 1928, plaintiffs agreed to grant and convey to defendant a right of way of one hundred feet in width for the transmission line over, upon and across a strip of the meadow bounded on the north by Wyomanock creek, upon which the transmission line was to be erected with the poles located substantially fifty feet distant southerly from the banks of the creek and at no place to be nearer said creek than fifty feet, as indicated in a general way upon the map, plaintiffs' Exhibit 1.

The court finds in lieu of 8th finding, as follows:

8. The defendant's agent and the plaintiffs, after an examination of the field, made a practical location of the easement and the place where the line was to run on the plaintiffs' land. That said agent in part filled out a printed form containing no description of the line and presented it to the plaintiffs for signature, and it was signed by them.

The court finds in lieu of 9th finding as follows:

9. Thereafter, and before the transaction was completed and final delivery made, the plaintiffs discovered that the description of the right of way had been omitted and called the attention of the agent to the fact and asked him to insert therein the description as theretofore located and agreed upon, with the provision that the line should not be nearer than fifty feet from the creek, so that there would be no right of defendant to cut the trees that protected the bank of the creek. Defendant's agent undertook to make the change requested, but instead of making such change inserted in the agreement the words: " Said line to be at least 50' from present course of river and trees on river bank to be cut only with consent of undersigned owner." The agreement was not returned to plaintiffs or read by them after such change, nor were they furnished with a copy thereof. That in so changing the instrument and in failing to insert the description

as agreed upon, the entire meaning and legal effect was changed and made ambiguous, in no respect representing the directions plaintiffs gave.

The court finds in lieu of 10th finding as follows:

10. The right of way agreement so written by defendant's agent was recorded in the Columbia county clerk's office on or about July 31, 1928.

The 12th finding is modified as follows:

12. After the words " Wyomanock Creek " strike out the words following to semicolon and insert in place thereof, " where the line had been practically located and agreed upon."

The 13th finding is modified as follows:

13. Near the end of the finding, after the words " former condition," insert " and the value of its use and occupation to the time of judgment."

## Conclusions of Law.

The court makes new conclusions of law in lieu of conclusions 1 and 3 as follows:

1. The agent of the defendant failed in the duty intrusted to him to insert in the printed form of the agreement the description requested by the plaintiffs and agreed upon, and such failure, misrepresentation and constructive fraud, and the insertion of an incorrect and ambiguous description gave to defendant no right to the use and occupation of the lands upon which it thereafter located its line.

3. Plaintiffs have sustained permanent damage to their real property in the amount of $3,000, and further damage of $500 inflicted by the defendant in the unlawful erection of said line and the use and occupation of the premises up to the time of judgment.

The 4th conclusion is modified as follows:

4. At the end of the 3d paragraph, after the word " removal," insert " and shall pay $225 as agreed upon for such right of way."

## Judgment.

After the recitals, the 1st paragraph of the judgment is modified to read: " Ordered, adjudged and decreed, that the defendant acquired no right to cross the meadow of plaintiffs on the site of the present location of its line under the right of way agreement dated July 25, 1928, and thereafter recorded in the Columbia county clerk's office; and the description therein did not represent the location of the line as agreed upon by the parties, but was inserted by the defendant's agent acting contrary to the directions and instructions given him by the plaintiffs; and that the said right of way agreement shall be canceled of record by the Columbia county clerk by a proper notation on the margin of the book wherein the same is recorded, upon entry of this judgment in the office of said county clerk."

The 4th paragraph of the judgment is modified to read as follows: " Ordered, adjudged and decreed, that defendant may at its option move its transmission line from its present location on plaintiffs' property to a strip of land on the north wide of plaintiffs' meadow, one hundred feet in width, and running to the boundary lines of said farm; and the transmission line shall be so constructed that at no place it shall be nearer than fifty feet from the south bank of the creek as indicated generally by a map designated ' Plaintiffs' Exhibit 1 ' and

filed herewith; and in case defendant elects so to do and in that event it shall pay plaintiffs the sum of $500 hereby fixed as damages for the trespass committed on their lands up to the time of judgment in this action and for damages resulting to plaintiffs' land by reason of such removal; whereupon plaintiffs shall upon the further payment to them of the agreed price of $225, execute and deliver to defendant a good and sufficient right of way agreement or easement over said one hundred foot strip, together with the right of ingress and egress over and across plaintiffs' adjacent lands, together with such other usual and customary rights and privileges as are necessary and requisite for the defendant to enjoy in the premises in order properly to operate and maintain its transmission line over and upon said strip (reserving to plaintiffs, however, the right to cultivate the land so occupied by the defendant)."

Add to the judgment the following:

" Ordered, adjudged and decreed, that if the parties cannot agree upon a suitable location for the poles along the banks of the creek and fifty feet therefrom, and of the strip represented by the agreement and indicated generally on the map, plaintiffs' Exhibit 1, either party may apply to the court at Special Term on the foot of the judgment for the direction of the court in that respect." Van Kirk, P. J., Hinman, Davis, Hill and Hasbrouck, JJ., concur.